IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
SANDRA L. BERGER : CASE NO. 1:07 CV 00367
:
Plaintiff, : MEMORANDUM AND ORDER
: GRANTING DEFENDANTS' MOTION
-vs- : TO DISMISS PURSUANT TO FED. R.
: CIV. P. 12(b)(6).
:
MEDINA COUNTY OHIO BOARD OF :
COUNTY COMMISSIONERS, et al., :
:
Defendants. :
------------------------------------------------------ :
:
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Sandra Berger brought this employment discrimination action against defendants Medina County Ohio Board of County Commissioners and John T. Shultz (collectively "county defendants") claiming: (1) gender discrimination in violation of Title VII (Count 1); (2) negligent hiring, supervision and/or retention pursuant to the Ohio Revised Code ("ORC") (Count 2); and, (3) sexual discrimination in violation of ORC § 4112.99 (Count 3). (Docket 1). The county defendants moved to dismiss Ms. Berger's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to timely file the charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 4). Ms. Berger

responded with a brief in opposition (Doc. 8) to which the county defendants replied (Doc. 9).  Finally, Ms. Berger moved for leave to file a sur-reply (Docs. 10, 11) which the county defendants opposed. (Doc. 12).

The matter is now ripe for the Court's consideration.  For the reasons discussed below, the county defendants' motion to dismiss will be granted, Ms. Berger's federal claim will be dismissed with prejudice, and her supplemental state claims will be dismissed without prejudice for lack of jurisdiction.  In addition, the Court will deny Ms. Berger's motion for leave to file her sur-reply, finding the pleading unnecessary where the parties have already thoroughly addressed the pertinent issues within the pleadings framework established by Local Rule 7.1.

### I. Background

For the purpose of this Rule 12(b)(6) dismissal, the pertinent, well-pleaded allegations are not extensive.  Pursuant to Title VII, Ms. Berger alleges discriminatory treatment, hostile work environment, sexual harassment and retaliation in her position as an Assistant Dog Warden at the Medina County Animal Shelter.  (Complaint ¶2, 4, 15, 32, 44, 47).  During her employment, Ms. Berger's direct supervisor was Chief Dog Warden John T. Shultz who, along with Medina County, allegedly hired Eric Scott. (Complaint ¶17).  Ms. Berger further alleges discriminatory treatment and sexual harassment in her encounters with fellow Assistant Dog Warden Eric Scott.  (Complaint ¶15, 25).  Ms. Berger began her employment "some time in 1996" and tendered her resignation on 27 September 2004.  (Complaint ¶4, 44).  Ms. Berger did not file a complaint with the Ohio Civil Rights Division, but did file a charge of discrimination with

the EEOC on 15 June 2005, alleging sexual discrimination and retaliation. (Complaint ¶70).

## II. Standard for Dismissal Pursuant to Rule 12(b)(6)

Under Fed.R.Civ.P. 12(b)(6), a motion to dismiss challenges whether a plaintiff has plead a cognizable claim in the complaint. Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 436 (6th Cir.1988). Rule 8(a) establishes the basic notice pleading principle that the complaint shall contain a "short and plain statement of the claim showing the pleader is entitled to relief." Typically, a claim should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir.1996) .

A court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff when deciding this motion. Summit Health, Ltd. v. Pinhas, 500 U.S. 322 (1991); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990); Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir.1990). A well-pleaded allegation, however, is one that alleges specific facts and does not merely rely upon conclusory statements. Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**III. Law and Analysis**

**A. Count I: Federal discrimination claim**

The county defendants urge the Court to dismiss Ms. Berger's federal discrimination claim (Count I) as untimely filed.  Pursuant to 42 U.S.C. § 2000e-5(e), a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has initially instituted proceedings with a state or local agency, within 300 days.  42 U.S.C. § 2000e-5(e)(1) (noting that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred.").  See National R.R. Passenger Corp. v Morgan, 536 U.S. 101, 108-09 (2002).  The county defendants note that even in Ohio, a "deferral state" in which a party may have 300 days within which to file a charge with the EEOC, the courts have strictly applied the language of the statute.  Id. at 108.  A complaint not first filed with a qualifying state agency and outside of the 180-day time frame fails to properly exhaust administrative remedies and must be dismissed.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Tartt v. City of Clarksville, 149 Fed. Appx. 456 (6th Cir. 2005).

In opposition, Ms. Berger maintains the statutory language of 42 U.S.C. § 2000e - 5(e)(1) does not mandate a dismissal where she filed her charge with the EEOC within 300 days, even where she did not initiate proceedings with an authorized state agency.  In support of her position, Ms. Berger relies upon the decision in Sere v. Bd. Of Trustees of the University of Illinois, 628 F. Supp. 1543 (N.D. Ill. 1986).

Ms. Berger's statutory analysis is misguided.  First, upon its face, 42 U.S.C. § 2000e-5(e)(1) creates a 180-day deadline for filing a charge with the EEOC unless the party has "initially instituted proceedings with the state or local agency" in which case

4

the deadline is expanded to 300 days. Second, the Court's interpretation of the statutory deadlines is clearly rigorous where, in Morgan the United States Supreme Court observed:

In the context of a request to alter the timely filing requirements of Title VII, this Court has stated that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." . . . In Mohasco [Corp. Vs. Silver, 447 U.S. 807, 826 (1980)] . . . the Court noted that "[b]y choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination." Similarly here, our most salient source for guidance is the statutory text.

Morgan at 108-109 (footnote and citations omitted). Finally, the Court will distinguish the Sere case, upon which Ms. Berger relies as, in that instance, the plaintiff did file a charge with the authorized state agency. Sere v. Bd. Of Trustees of the University of Illinois, 628 F. Supp. at 1544. Here, Ms. Berger did not file a charge with any state agency.

      The statute specifically requires a plaintiff in a deferral state, such as Ohio, to first initiate his or her charge with the state agency in order to take advantage of the expanded filing requirement. Ms. Berger specifically alleges that she did not file a charge or initiate her complaint with the state agency, the Ohio Civil Rights Commission. (Complaint ¶70). As such, Ms. Berger had to observe the 180-day deadline. The ultimate, alleged unlawful employment practice occurred on 27 September 2004 when Ms. Berger, alleging constructive termination, tendered her letter of resignation. (Complaint ¶44). Ms. Berger's subsequent filing of discrimination charges with the EEOC on 15 June 2005, alleging sex discrimination and retaliation, clearly falls beyond the 180-day deadline and is untimely. Accordingly, the Court will dismiss Ms. Berger's claims arising under Title VII (Count 1).

### B. Counts 2 & 3: State discrimination claims

In addition, upon balancing the interests of judicial economy against needlessly deciding state issues, the Court declines to exercise supplemental jurisdiction over Ms. Berger's two remaining state claims. 28 U.S.C. § 1367(c)(3); Landefeld v. Marion Gen. Hops., Inc., 994 F. 2d 1178, 1182 (6th Cir. 1993) (observing "[t]his court has held that "generally, 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.' ") (citing, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

### IV. Conclusion

For the reasons set forth in this Order, this Court grants the county defendants' Motion to Dismiss Ms. Berger's federal claim (Count 1) pursuant to Rule 12(b)(6). The remaining state law claims (Counts 2 and 3) will be dismissed, without prejudice, for lack of federal jurisdiction.

IT IS SO ORDERED.

    /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Dated: 19 June 2007