IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
SANDRA L. BERGER                                        :
                                                        : CASE NO.  1:07 CV 0367
                            Plaintiff                   :
                                                        :
           -vs-                                         :
                                                        :
MEDINA COUNTY OHIO BOARD                                :
OF COUNTY COMMISSIONERS,                                : <u>MEMORANDUM AND ORDER</u>
           et al.                                       : <u>DENYING PLAINTIFF'S MOTION FOR</u>
                                                        : <u>RECONSIDERATION</u>
                            Defendant
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Sandra L. Berger ("Berger") filed this employment discrimination action against the Medina County Ohio Board of County Commissioners and John T. Schultz (collectively "the Medina defendants") asserting Title VII violations and related state claims based on allegations of sexual discrimination. (ECF # 1 ).

The Medina defendants brought a Motion to Dismiss under Rule 12 (b)(6), arguing Ms. Berger's Equal Employment Opportunity Commission ("EEOC") filing was untimely, and therefore plaintiff's claim under Title VII was barred. (ECF #4). In an order dated 19 June 2007 the Court granted the defendants' motion. The Court dismissed Ms. Berger's federal claim with prejudice; her remaining state law claims were dismissed without prejudice for want of federal jurisdiction. (ECF #13).

Before the Court is Ms. Berger's 19 July 2007 Motion for Reconsideration of Order Granting Defendant's Motion to Dismiss. For the reasons set forth below, the Court denies Ms. Berger's motion.

**I. BACKGROUND**

In her 9 February 2007 Complaint Ms. Berger sought recovery under Title VII of the Civil Rights Act of 1964 for unlawful employment practices on the basis of sex. Her Complaint stated that Ms. Berger filed a charge with the EEOC more than 180 but less than 300 days after the date of the last unlawful employment practice. (Complaint, ¶¶ 4,7, ECF #1). Ms. Berger alleged she did not file a charge of sex discrimination with the Ohio Civil Rights Commission ("OCRC") with respect to the matters set forth in the Complaint. (Complaint, ¶ 70, ECF #1).

On 3 March 2007 the Medina defendants brought a motion under Rule 12 (b)(6) arguing that Ms. Berger's EEOC filing was not timely under 42 U.S.C. Section 2000e-5(e) ("Section 2000e-5(e)"). While acknowledging that Ohio is a "deferral state" in which a 300-day filing rule could apply, the defendants argued that a 300-day time limit on EEOC filing applies only if the plaintiff initially institutes proceedings with a state or local agency. Noting that Ms. Berger alleged in her complaint that she did not file a charge with respect to the alleged sex discrimination with the OCRC, defendant argued that the shorter 180 day limitation governed, and plaintiff's suit was barred. (ECF #4).

2

The plaintiff opposed the motion arguing that, in a deferral state, even a plaintiff who fails to initiate proceedings with an authorized state agency may nonetheless timely file up to 300 days after an occurrence. (ECF #8).

Finding that Section 2000e-5(e) specifically requires a plaintiff in a deferral state to first initiate a charge with the state agency in order to take advantage of the 300 day filing requirement, and relying upon Ms. Berger's allegation she did not file a charge with the OCRC, the Court granted defendants' motion to dismiss and entered judgment in favor of defendants. (ECF # #13, 14).

On 19 July 2007, plaintiff filed a motion for reconsideration of the order granting the motion to dismiss. In this motion Ms. Berger argued for the first time that "by virtue of a work-sharing agreement" between the EEOC and the OCRC, her charge should have been considered to be "dual-filed." Specifically, relying upon a 1980 Supreme Court case not previously cited to the Court, Mohasco Corp. v. Silver, 447 U.S. 807 (1980), Ms. Berger argued that the EEOC's forwarding of a notice to a state agency could be treated as plaintiff's initiation of proceedings, triggering the 300-day limitation. (Plaintiff's Motion for Reconsideration, ECF #17).  Plaintiff attached various documents to the Motion for Reconsideration not previously submitted to the Court, including a Form 2-12, transmitted by the EEOC to the OCRC on August 11, 2005,  advising the state agency of the plaintiff's charge. (Plaintiff's Exhibit 1-E to Motion for Reconsideration, ECF ## 15, 17). In her motion, Ms. Berger contended  that Form 2-12 constituted evidence her charge was filed with the state agency under Mohasco, that the 300-day limitation should apply, and the motion to dismiss should be reversed.

3

## II. LAW AND ARGUMENT

A party seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59 (e) or a motion seeking relief from judgment pursuant to Fed. R. Civ. P.60 (b). Under Sixth Circuit precedent, a motion for reconsideration filed beyond the mandatory 10-day filing limitation of Rule 59 is considered a motion pursuant to Rule 60. Feathers v. Chevron U.S.A, Inc., 141 F.3d 264 (6th Cir. 1998).

The standard for granting a Rule 60 motion is "significantly higher" than the standard for a Rule 59 motion. Id. Relief from judgment under Rule 60 may be granted only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b). While Ms. Berger's motion does not specify statutory grounds for her request for relief from judgment, only Rule 60 (b) (1)(2) or (6) could conceivably apply: a claim of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or "any other reason that justifies relief." Her motion, however, fails on all grounds.

Considering the issue of new evidence first, under Rule 60 (b) (2) relief may be granted only if the alleged new evidence could not have been discovered with due diligence within the 10-day time limitation set for a Rule 59(b) motion. The new evidence submitted by Ms. Berger with the motion was a series of documents from the

4

EEOC dated June 15, 2005 to August 11, 2005. No affidavit or representation was made that these materials were unavailable or unknown to Ms. Berger prior to the expiration of Rule 59 (b)'s 10-day limitation, or prior to her submission of opposition to the Medina defendants' motion to dismiss. When evidence could have been discovered or submitted in time, a motion under Rule 60 (b) (2) is properly denied. Jinks v. AlliedSignal, Inc., 250 F. 3d 381, 385 (6th Cir. 2001) Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir. 1985).

Also unavailing is Ms. Berger's argument that plaintiff may obtain relief under Rule 60 (b) (1) or (6) for any mistake or error in failing to assert these facts, or her Mohasco theory, in opposition to defendants' motion to dismiss. As the Sixth Circuit noted in Jinks:

> Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof. See Couch v. Travelers Ins. Co., 551 F2d 958,959 (5th Cir 1977) (quoting 11 Wright & Miller, Federal Practice and Procedure §2858).

Jinks v. AlliedSignal, Inc., 250 F. 3d at 385. In Jinks the district court granted defendant's summary judgment motion; plaintiffs filed a Rule 60 motion raising new facts and arguments not presented to the district court on summary judgment. Upon appeal from denial of the plaintiff's motion the Sixth Circuit held that Rule 60 (b) does not provide relief "simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." Jinks v. AlliedSignal, 250 F. 3d at 387. The rule articulated in Jinks applies here and requires denial of Ms. Berger's motion.

### III. CONCLUSION

For the reasons set forth above, Ms. Berger's motion for reconsideration is denied.

IT IS SO ORDERED.

                                               /s/Lesley Wells  
                                               UNITED STATES DISTRICT JUDGE

Dated: 3 April 2008